## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

### CASE NO:

ERIC EPSILANTIS,

      Plaintiff,

      v.

SCOZZARI ROOF SERVICES
CONTRACTING & CONSULTING INC.,
a Florida for-profit corporation, and
JOSEPH SCOZZARI, individually,

      Defendants.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ERIC EPSILANTIS ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Complaint for Damages and Demand for Jury Trial against Defendants, SCOZZARI ROOF SERVICES CONTRACTING & CONSULTING INC. ("SRS" or "Corporate Defendant"), and JOSEPH SCOZZARI ("SCOZZARI") and alleges as follows:

### INTRODUCTION

1.     Defendant has unlawfully deprived Plaintiff of federal minimum and overtime wages during the course of his employment.  Plaintiff made efforts to obtain his unpaid wages before initiating this lawsuit – albeit unsuccessfully.  This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all minimum and overtime wages that Defendant refused to pay Plaintiff during his employment.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Indian River County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      During all times material hereto, Defendant SRS was a Florida for-profit corporation located and transacting business within Indian River County, Florida, within the jurisdiction of this Honorable Court.

4.      Defendant, SRS, is headquartered and operates its principal location at 1401 Thornhill Lane, Sebastian, Florida 32958.

5.      Defendant, SRS, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

6.      During all times material hereto, Defendant SRS was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff during the relevant time period.

7.      Defendant, SCOZZARI, resides in Indian River County, Florida.

8.      Defendant, SCOZZARI, was the owner, managing member, and corporate officer of Defendant SRS during the relevant time period and controlled the day-to-day operations of Defendant SRS and its payroll operations, hiring, firing, and scheduling.

9.      Defendant, SCOZZARI, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

10.     All acts and omissions giving rise to this dispute took place within Indian River County, Florida, which falls within the jurisdiction of this Honorable Court.

2

11. Defendant, SRS, is headquartered and regularly transacts business in Indian River County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

12. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

13. Defendant, SRS, is a Florida for-profit company that provides roofing-related services throughout Vero Beach, Sebastian, Fort Pierce, Stuart, Palm Bay, Grant, Port St. Lucie, and Melbourne, Florida.

14. Defendants SRS and SCOZZARI employ individuals like Plaintiff to work as hourly non-exempt laborers.

## FLSA COVERAGE

15. Defendant, SRS, is covered under the FLSA through enterprise coverage, as SRS was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, SRS engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. SRS's business and Plaintiff's work for SRS affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

16. During his employment with Defendant, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: hand tools, ladders, automobiles, extension

cords, work gloves, installation equipment, telephones, pens, notepads, computers, cellular telephones, order forms, and other construction-related items.

17.     Defendants also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

18.     Upon information and belief, Defendant SRS grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

19.     During his employment with Defendants, Plaintiff (i) was paid on an hourly basis; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of SRS, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

20.     During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

21.     Plaintiff began working as a laborer for Defendants in approximately August 2020 and continued to do so until May 2021.

22.     During Plaintiff's employment period, Defendants initially compensated Plaintiff at a rate of $13.50/hour and during the employment period increased Plaintiff's compensation to $16.00/hour.

23.     During Plaintiff's employment period, Plaintiff worked an average of fifty-five (55) hours per week.

24.     During Plaintiff's last week of work, he worked over forty (40) hours.

25.     During Plaintiff's last week of work, Defendants were expressly aware of the work performed by Plaintiff for their benefit, but nevertheless refused to pay Plaintiff for the work he performed for them.

26.     During the relevant time period, Defendants failed to comply with the record-keeping requirements under FLSA.

27.     Plaintiff requested several times for Defendants to pay him for the work he performed during this time period, however, Defendants refused to issue payment of his hard-earned wages free and clear.

28.     As a result of Defendants' intentional and willful failure to comply with the FLSA,[1] Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FLSA MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206
### (Against Defendants SRS and SCOZZARI)

29.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

30.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

31.     Defendants refused to pay Plaintiff at least $7.25 for all hours he worked up to forty (40) during one or more of his last weeks of employment.

---

[1] Plaintiff sent several text messages to Defendants prior to initiating this lawsuit requesting to be paid the wages he is owed. Defendants refused to compensate Plaintiff and responded with a litany of profanity-laced messages and threats to Plaintiff which culminated in Defendant, SCOZZARI, daring Plaintiff to pursue his unpaid wage claim in Court. Plaintiff has obliged SCOZZARI and filed suit before this Honorable Court to recover his full wages.

32.     Plaintiff therefore claims the federal minimum wage for all of the unpaid hours up to forty (40) that he worked during one or more of his last weeks of employment.

33.     Defendants willfully and intentionally refused to pay Plaintiff the applicable federal minimum wages as required by the FLSA, as Defendants knew or should have known of the FLSA's minimum wage requirements.

34.     Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

35.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

36.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ERIC EPSILANTIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, SCOZZARI ROOF SERVICES CONTRACTING & CONSULTING INC. and JOSEPH SCOZZARI, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against Defendants SRS and SCOZZARI)**

37.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

38.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

39.     Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for all hours he worked over forty (40) in one or more weeks of his employment.

40.     Plaintiff therefore claims the federal overtime wage rate for all of the unpaid hours over forty (40) that he worked during her employment.

41.     Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

42.     Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

43.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

44.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ERIC EPSILANTIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, SCOZZARI ROOF SERVICES CONTRACTING & CONSULTING INC. and JOSEPH SCOZZARI, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ERIC EPSILANTIS, requests and demands a trial by jury on all appropriate claims.

**Dated this 5th day of May 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 5, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: