UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14195-CIV-CANNON/MAYNARD

ERIC EPSILANTIS,

    Plaintiff,

v.

SCOZZARI ROOF SERVICES
CONTRACTING & CONSULTING INC.,
and JOSEPH SCOZZARI,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DE 37)

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Protective Order ("Motion"). DE 37. Defendants filed a Response to the Motion. DE 38. Having reviewed the briefing and being otherwise fully advised in the premises, Plaintiff's Motion is **DENIED** for the reasons set forth below.

## BACKGROUND

This case concerns Plaintiff's claim for minimum and overtime wages under federal and state law pursuant to his employment with the corporate Defendant in this case. *See generally* DE 27. Plaintiff filed his first amended complaint on August 5, 2021. *Id.* The parties have been engaging in discovery. On September 22, 2021, Plaintiff filed the instant Motion seeking relief from travel to Fort Lauderdale, Florida for his deposition. DE 37 at 5. Rather, Plaintiff requests the Court to order that his November 8, 2021 deposition shall take place in St. Lucie County.[1] *Id.* Defendant objects to taking Plaintiff's deposition in St. Lucie County for varied reasons including

---

[1] Plaintiff also seeks an award of attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5), which the Court denies as a result of denying Plaintiff's Motion.

that Plaintiff has not demonstrated any reason why he should not be required to commute to Fort Lauderdale just as Defendant Joseph Scozzari had to do for his deposition and mediation. DE 38 at 4-5.

## LEGAL STANDARDS

"The Federal Rules state that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citing Fed.R.Civ.P. 26(c)). "To make a showing of good cause, the movant has the burden of showing the injury 'with specificity.'" *Id.* (citing *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir.2000)). "In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection." *Id.* (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)).

## DISCUSSION

Here, Plaintiff fails to show a particularized need for protection. Although, as Plaintiff avers, the "[p]arties all reside in Indian River County," Plaintiff does not say more as to why he cannot commute to defense counsel's offices in Fort Lauderdale for the deposition. DE 37 at 4. Indeed, Plaintiff even acknowledges that "[d]uring conferral efforts Defendants voiced their opposition to the deposition being taken in St. Lucie County because Mr. Scozzari's deposition and mediation had already occurred in their Fort Lauderdale law office." *Id.* at 3. "Rule 26(c) protects those deposed from 'annoyance, embarrassment, oppression, or undue burden or expense', but *not from mere inconvenience*." *Falic v. Legg Mason Wood Walker, Inc.*, No. 03-80377-CIV, 2004 WL 5483681, at *2 (S.D. Fla. Dec. 13, 2004) (emphasis added). Because Plaintiff explains

no more than inconvenience at having to drive to Ft. Lauderdale, I find that Plaintiff has not established good cause for his requested relief.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Protective Order (DE 37) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 29th day of September, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE