IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CASE NUMBER: 2:21-cv-14195-AMC

ERIC ESILANTIS,

    Plaintiff,

vs.

SCOZZARI ROOF SERVICES
CONTRACTING & CONSULTING, INC.,
A Florida for-profit corporation, and
JOSEPH SCOZZARI, individually,

    Defendants.
_____/

## MOTION TO VACATE CLERK DEFAULT

COMES NOW, the Defendants, SCOZZARI ROOF SERVICES CONTRACTING & CONSULTING, INC., a Florida for-profit corporation, and JOSEPH SCOZZARI, by and through their undersigned counsel and hereby move to vacate the Clerk's Default [D.E. 103], and in support thereof, state as follows:

1.    On May 5, 2021, the Plaintiff filed the instant Lawsuit. [D.E. 1].

2.    On May 22, 2021, the Defendants were served with a summons and Complaint. [D.E. 6].

3.    This case has been thoroughly pleaded, the subject of brisk discovery including numerous depositions, significant motion practice, and is now ready for Trial. The Defendants and their previous Attorney were deeply involved with the

process and Defendants have steadfastly asserted their denials and defenses to the claims asserted by the Plaintiff throughout the process and have been and are prepared to go to Trial to defend themselves.

4. Trial on this case was previously set and was then reset to Mid November due to the Defendant Scozzari's medical condition, including having back surgery in March, 2022, and neck surgery in May, 2022. His medical conditions have persisted and in fact he is scheduled for a third surgery relating to the removal of a cancerous growth on his prostate on or about December 7, 2022. (Ex 1, attached hereto).

5. On October 13, 2022, the Defendants' previous Attorney Adi Amit filed a Motion to Withdraw as their Counsel, [D.E. 94], due to numerous issues that created a conflict between him and the Defendants.

6. On October 17, 2022, the Defendant Scozzari went to Italy on a bucket list vacation planned earlier (following his previous surgeries and due to his Cancer diagnosis and the upcoming December surgery possibly incapacitating him) after previously coordinating with their Attorney that he would return in sufficient time to appear for the Trial set in Mid-November.

7. A hearing was held on October 21, 2022 [D.E. 99] while the Defendant Scozzari was still in Italy.

8. On October 26, 2022, this Court executed an Order granting the withdrawal. [D.E. 102]. The Court gave the Defendants until November 17, 2022,

to obtain an Attorney.

7. Defendant Scozzari returned from Italy on or about November 5th, 2022 and proceeded to attempt in good faith to retain a new Attorney. However, there are relatively few Lawyers who hold themselves out as practicing "overtime" law, and he was not able to find one of that tight group who was willing to take the case perhaps due to the problems he had with his former counsel and the animosity exhibited in the litigation to that point. Moreover, many other general practitioners are unwilling to take these types of cases due to the specialty of those that primarily practice it and their own lack of experience. Finally, many Lawyers will not take on a case that has been prepared by another Attorney this late in the ballgame, already set and ready for Trial.

8. Defendant Scozzari nevertheless reached out to as many Lawyers as he could including the following Attorneys in this regard: 1) Alexandra Scala, a former associate of Attorney Amit who had left for a different firm. She was fully aware of the underlying case and practice and was interested in being retained but believed she was conflicted due to Amit's withdrawal; 2) Attorney Kiernan Moylen, who indicated he did not practice "overtime law", but who did refer Defendants to Attorney David Miklas, who does practice "overtime law" but refused to get involved in a case that was ready for Trial and further stated he did not believe any of his colleagues in that speciality would take the case under those circumstances either; 3) The Law Firm of Grey Robinson refused to get involved in a case that was

ready for Trial; and 4) The Law Firm of Jackson Lewis refused to get involved in a case that was ready for Trial. Ultimately, Defendants were unable to find an Attorney that was willing to take their case within the time frame provided by the Court.

9. On November 21, 2022, Plaintiff filed a Motion for Clerk's Default against Defendants. [D.E. 103], and Clerk's Default was entered. [D.E. 104].

10. On November 21, 2022, Plaintiff filed a Motion for Default Final Judgment. [D.E. 103].

11. On November 22, 2022, this Court entered an Order setting the Motion for Default Final Judgment for Hearing on December 12, 2022. [D.E. 106].

12. Recently, Defendants' reached out to Phil Reizenstein, a Miami Criminal Lawyer who referred him to the Undersigned. Undersigned Counsel also practices Criminal Law, in addition to Commercial/Civil Litigation in both State and Federal Court. Undersigned Counsel does not practice "overtime law". However, Undersigned recently successfully concluded at Trial an eight (8) year employment discrimination litigation, and learned how small businesses can be adversely affected by meritless or minimal allegations under the threat of crushing statutory legal fees. Attorney Reizenstein, knowing Undersigned's recent experience in that employment related case, thus concluded Undersigned might be interested in taking this case on and referred the Defendants.

13. After first discussing the matter with the Defendants on November 28, 2022, and being retained on November 29, 2022, Undersigned counsel filed a Notice

of Appearance on November 29, 2022. [D.E. 112].

14. While Defendants were unable to obtain Counsel in the few weeks provided to them in the Court's Order, they were diligent in seeking representation but through no fault of their own were unable to secure counsel that were interested in taking the case. Again, it is a niche practice, "overtime law", that few Lawyers have experience in. Undersigned Counsel would not have gotten involved either, were it not for the recent employment discrimination matter just concluded and the experience gained therein.

15. Undersigned Counsel has begun reviewing the extensive file and will be Ready for Trial whenever the Court determines to set the case after the New Year.

16. Thus, Undersigned Counsel, on Defendants behalf, requests this Court to vacate the clerk's default and to permit the Defendants to defend the instant claims on their merits, for the good cause as set forth herein pursuant to Federal Rule of Civil Procedure 55(c) and under prevailing Eleventh Circuit caselaw establishing that defaults and default judgments are disfavored because cases should be resolved on their merits. *See, Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244-45 (11th Cir. 2015) qouting In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). *See also Fla. Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits." (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984). "[W]hen doubt exists as to

whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." [citation omitted].

17. If there is a question as to whether Defendants have shown good cause or were otherwise diligent in their search for a replacement Attorney, Undersigned would be prepared to subpoena every Lawyer that were contacted, should the Court set an evidentiary hearing on the issue. That would however, seemingly be a tremendous amount of unnecessary effort as clearly Defendants have now retained Counsel who has filed his appearance and is preparing for the Trial that Plaintiff wants.

18. There has been no prejudice to any party and no reason to deprive Defendants of their day in Court as a sanction as there is no evidence they acted willfully, or in bad faith at any point during this litigation. The sanction of dismissal is most appropriately used as a last resort. *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir. 1993). Such a remedy is available "only if noncompliance is due to willful or bad faith disregard of court orders" and the court finds lesser sanctions would not suffice. *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543 (11th Cir. 1985) (internal citations omitted). Violations of a court order "caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment." *Malautea,* 987 F.2d at 1542. *See*, also *Toruno v. Chi-Ada Corporation et al*; Case No. 21-22752-Civ-GAYLES/TORRES (USDC SD Florida, November 1, 2022).

**WHEREFORE,** Defendants, respectfully request this Court enter an Order vacating the Clerk's default, denying the Plaintiff's Motion for Final Default Judgment, and setting this case for Trial, and other relief this Court deems just and proper.

Respectfully Submitted:

By: /s Jason Wandner
Jason Wandner, Fla Bar # 0114960

**LAW OFFICES OF JASON M. WANDNER, P.A.**
100 N. Biscayne Boulevard
Suite 1607
Miami, Florida 33132
Primary e-mail: Jason@wandnerlaw.com
Telephone (305) 868-1655
Fax (305) 503-7480

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, a true copy of this Motion, to the United States District Court Southern District of Florida to be served upon counsel of record, for all parties, through the Notice of Docketing Activity system issued by this Court's CM/ECF system.

By: /s Jason Wandner
Jason Wandner, Fla Bar # 0114960