UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14195-CIV-CANNON

ERIC EPSILANTIS,

    Plaintiff,

vs.

SCOZZARI ROOF SERVICES CONTRACTING &
CONSULTING, INC. and
JOSEPH SCOZZARI,

    Defendants.
_____/

**ORDER ON MOTIONS**

    **THIS CAUSE** comes before the Court upon the following motions: Defendants' Amended Motion to Vacate Clerk Default (the "Motion to Vacate Default") [ECF No. 115], Defendants' Second Amended Motion to Vacate Clerk Default [ECF No. 117], and Plaintiff's Motion to Strike Defendants' Second Amended Motion to Vacate Clerk Default [ECF No. 118]. For the reasons set forth below, Defendants' Motion to Vacate Default [ECF No. 115] is **GRANTED**, Defendants' Second Amended Motion to Vacate Clerk Default [ECF No. 117] is **DENIED AS MOOT**, and Plaintiff's Motion to Strike [ECF No. 118] is **DENIED**.

    * * *

    On October 24, 2022, the Court granted Defense Counsel's Motion to Withdraw and continued trial in this matter to February 13, 2023, to allow Defendants time to secure representation [ECF Nos. 99, 101]. The Court directed Defendants to retain counsel by November 17, 2022, noting that failure to comply "may result in the Court directing Plaintiff to seek the entry of a Default against Defendants" [ECF No. 102]. Defendants did not retain new counsel by the November 17, 2022, deadline. Accordingly, on November 21, 2022, Plaintiffs moved for entry of

a Clerk's Default Against Defendants [ECF No. 103]. The Clerk subsequently entered default [ECF No. 104]. On December 1, 2022, counsel for Defendants filed a notice of appearance [ECF No. 112]. Defendants now move to set aside the Clerk's default under Rule 55(c) of the Federal Rules of Civil Procedure [ECF No. 115]. Plaintiff opposes the relief sought [ECF No. 116]. Defendants also filed a reply in support of the Motion to Vacate Default [ECF No. 117].[1]

Rule 55(c) allows courts to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Although the meaning of "good cause" is "not susceptible to a precise formula," the Eleventh Circuit has recognized "some general guidelines," including the following considerations: (1) whether the default was culpable or willful, (2) whether setting default aside would prejudice the adversary, and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In this case, good cause exists to set aside the entry of default. The Motion details the efforts that Defendants took to retain counsel before the November 17 deadline [ECF No. 115 pp. 1–2]. Moreover, Defendants now have retained counsel who is ready to proceed to trial in this matter under the Court's scheduling order [ECF No. 115 p. 3]. For these reasons, the Court finds that Defendants have established good cause to set aside the entry of default. This conclusion is consistent with "the usual preference that cases be heard on the merits." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Amended Motion to Vacate Clerk Default [ECF No. 115] is **GRANTED**.

---

[1] As explained in the Conclusion below, the Court treats Defendants' Second Amended Motion to Vacate Clerk Default [ECF No. 117] as a reply in support of the Amended Motion to Vacate Clerk Default [ECF No. 115].

CASE NO. 21-14195-CIV-CANNON

2. The Clerks' default entered against Defendants Scozzari Roof Services Contracting & Consulting, Inc. and Joseph Scozzari [ECF No. 104] is **VACATED**.

3. Plaintiff's Motion for Final Default Judgment Against Defendants [ECF No. 109] is **DENIED**.

4. Defendants' Second Amended Motion to Vacate Clerk Default [ECF No. 117] is **DENIED AS MOOT**. The Court treats Defendants' filing as a reply in support of the pending Amended Motion to Vacate Clerk's Default [ECF No. 115].

5. Plaintiff's Motion to Strike [ECF No. 118] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 7th day of December 2022.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record