## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-14195-CIV-CANNON/MAYNARD

ERIC EPSILANTIS,

      **Plaintiff,**

v.

SCOZZARI ROOF SERVICES
CONTRACTING & CONSULTING, INC.,
and JOSEPH SCOZZARI,

      **Defendants.**

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a Verified Motion for Attorney's Fees and Costs ("Motion") filed by Plaintiff Eric Epsilantis ("Plaintiff"). DE 213. Defendants Scozzari Roof Services Contracting & Consulting, Inc. and Joseph Scozzari (collectively, "Defendants") filed a response in opposition, DE 214, and Plaintiff replied, DE 215. I have considered the entire record, the parties' briefing, and the applicable case law. Following my independent review and for the reasons that follow, I respectfully recommend that the Motion be **GRANTED IN PART AND DENIED IN PART** with Plaintiff being awarded reasonable attorney's fees in the lodestar amount of **$161,113.50** plus costs in the amount of **$11,070.64** to be taxed against Defendants.

### BACKGROUND

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* On May 5, 2021, Plaintiff commenced this suit against Defendants for unpaid minimum and overtime wages. *See* DE 1. On August 5, 2021, Plaintiff filed his operative Amended Complaint, which alleged that he worked for Defendants for approximately ten months from August 2020

1

until May 2021.  DE 27 ¶ 22.  According to the Amended Complaint, Defendants refused to pay Plaintiff for his last week of work, despite Plaintiff's requests to be paid his wages.  *Id.* ¶ 30. Following Plaintiff's unsuccessful attempts to recover his wages, he retained counsel and filed this lawsuit.

The case was originally set for trial on February 28, 2022 and, following two continuances, trial was reset to November 1, 2022.  DE 16; DE 70; DE 92.  Leading up to trial, the parties litigated several pretrial motions and prepared pretrial documents.  DE 30; DE 49; DE 65; DE 81; DE 82; DE 83-DE 88.  As the November trial date approached, defense attorney Adit Amit moved to withdraw from representation, a mere 19 calendar days before trial was set to begin.  DE 94.  Mr. Amit explained his last-minute withdrawal as follows:

> Due to a complete breakdown of the relationship between counsel and the Defendants and a conflict between counsel and the Defendants that included personal name[-]calling and attacks, threats, and obscene curses by the Defendants against the undersigned counsel, the Firm and the undersigned counsel can no longer represent the Defendants in this matter, as he is concerned for his personal safety.

*Id.* at ¶ 2.  At a subsequent hearing on the motion to withdraw, Plaintiff's counsel offered to participate in a settlement conference, but Mr. Scozzari "steadfastly refused."  DE 213 at 4; DE 213-1 ¶ 23; DE 99.  The presiding U.S. District Judge granted the motion to withdraw and instructed Defendants to obtain new counsel (or, in the case of individual Defendant Joseph Scozzari, file a notice of his intent to proceed *pro se*) by November 17, 2022.  DE 102.  Defendants failed to comply with the Court's order and Plaintiff filed a Motion for Clerk's Entry of Default against Defendants on November 21, 2022.  DE 103.  A Clerk's Default was entered against both Defendants that same day.  DE 104.

On November 25, 2022, Plaintiff filed a Motion for Final Default Judgment.  DE 109.  At this point in the litigation, Plaintiff claimed to have incurred $83,556.50 in attorney's fees and $6,920.76 in costs.  *Id*. at 18, 20.[1]

On November 29, 2022, attorney Jason Wandner appeared on Defendants' behalf and filed a Motion to Vacate Clerk's Default, which was granted.  DE 112; DE 113; DE 119.  The parties thereafter litigated more pretrial motions and re-prepared pretrial documents.  DE 131; DE 133; DE 144; DE 145; DE 150; DE 152; DE 158; DE 159.

A four-day jury trial was held February 14-17, 2023.  The jury deadlocked and the District Court declared a mistrial.  DE 169; DE 174.

A second jury trial was held September 5-7, 2023.  The jury returned a verdict in Plaintiff's favor, awarding damages of $2,700 for overtime wages and $15.14 for the minimum wage claim.  DE 202.  The presiding U.S. District Judge subsequently entered a Final Judgment awarding $2,715.14 in liquidated damages, for a total damages amount of $5,430.28, exclusive of any potential attorney's fees.  DE 211; DE 212.

## DISCUSSION

In the Motion, Plaintiff seeks $230,156.25 in attorney's fees and $14,506.28 in costs, for a total amount of $244,662.53.[2]  DE 213; DE 215; DE 215-2.  Plaintiff argues that this total amount – albeit large in relation to the award Plaintiff received – is warranted for two reasons.  First, this case has been vigorously litigated for more than two years, including discovery with nine

---

[1]  Approximately eight months prior to this statement of attorney's fees and costs incurred to date, as of the parties' filing of a Joint Pretrial Stipulation on March 3, 2022, Plaintiff claimed to have incurred approximately $76,078.25 in attorney's fees and $7,533.26 in costs (which included a mediator fee of $612.50 that Plaintiff later acknowledged was not a reimbursable cost).  DE 83, DE 109 at 20 n. 5.

[2]  Plaintiff initially sought $228,843.75 in attorney's fees and $14,506.28 in costs, for a total of $243,350.03.  DE 213 at 21.  Plaintiff subsequently added a request for $1,312.50 in attorney's fees for the 3.5 hours of time incurred by lead attorney Jordan Richards in preparing and filing a reply in support of the Motion.  DE 215.

depositions, a motion to dismiss, a motion for summary judgment, pretrial motions, motions *in limine*, pleadings relating to default judgment, two jury trials (with a note that Defendant refused Plaintiff's offer for the second trial to be a bench trial instead of a jury trial in an effort to contain costs), a motion for liquidated damages, and a motion for fees.  Second, Plaintiff claims to have made several attempts to resolve the case prior to trial but Defendants "embraced nothing short of a scorched-earth defense strategy and refused to settle at all costs." DE 213 at 1.[3]

In their two-page response, Defendants do not dispute Plaintiff's entitlement to attorney's fees and costs; make no specific objections to the fees of Plaintiff's attorneys or the hours they expended; and do not mention or address the itemized costs sought.  DE 214.  Defendants instead assert in conclusory fashion that the "fees sought are grossly inconsistent with the amount in controversy." *Id.* ¶ 2.

At the outset, I note that Southern District of Florida Local Rule 7.3(a) requires that "respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority."  S.D. Fla. L.R. 7.3(a).  In addition, "[i]f a party objects to an hourly rate, its

---

[3] Plaintiff's counsel claims to have made repeated efforts to explore settlement, all of which were rejected by Defendants.  Specifically, according to Plaintiff's counsel, the parties mediated early in the case on September 13, 2021 but an impasse was declared.  A month later, on August 23, 2021, Plaintiff offered to resolve the case for $1,000 payable to Plaintiff with the Court to determine reasonable attorney's fees and costs payable to Plaintiff's counsel. This offer would have ended the litigation less than three months into the lawsuit.  Defendants refused.  Plaintiff reiterated the same offer on August 31, 2021, but again Defendants declined.  On March 16, 2022, Plaintiff made another attempt to discuss settlement, but Defendants did not respond.  On October 4, 2022, Plaintiff's counsel reached out to inquire about settlement, but no resolution was reached.  On October 21, 2022, Plaintiff offered to attend a settlement conference with the magistrate judge, but Defendant Scozzari refused and stated in open court that he "was not going to pay a single penny" to Plaintiff or Plaintiff's attorney.  When Mr. Wandner appeared as new defense counsel in November 2022, Plaintiff's counsel contacted him to explore settlement.  Mr. Wandner advised that Defendants would not be settling the case.  After the first trial resulted in a hung jury, "[i]n a last-ditch effort," Plaintiff offered to resolve all claims including attorney's fees and costs for $5,000.  Defendants rejected the offer and went to trial a second time, where Plaintiff prevailed.  Importantly, while the Court is not required to consider the rejections of settlement offers as a dispositive factor in assessing fees under the FLSA, it is a factor that *may* be considered. *See Walker v. Iron Sushi LLC*, 752 F. App'x 910, 915 (11th Cir. 2018) (observing that "although a rejected settlement offer can never be dispositive in awarding attorney fees under the FLSA in the way that it is under other statutes, it is still a relevant factor that the district court has discretion to consider").

counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." *Id.* Defendants did *not* comply with this rule's requirement and their short-shrift response is improper and entirely unhelpful. Importantly, "[f]ailing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorneys' fees. *Century Sur. Co. v. All Am. Lube of Boca, Inc.*, No. 21-81935-Civ-Reinhart/Cannon, 2023 WL 4972923, at *6 (S.D. Fla. June 1, 2023) (citations omitted); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (for a court to perform its duties, "'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'". "Generalized statements that the time spent was reasonable or unreasonable ... are not particularly helpful *and not entitled to much weight*.") (emphasis added); *Rodriguez v. Molina Healthcare, Inc.*, 2020 WL 1487263, at *6 (11th Cir. Mar. 26, 2020) ("Notably, Molina has not identified ... the particular hours it believed were duplicative or should have been disallowed … Molina, as the party opposing the fee application, had an obligation to identify the hours that should be excluded with some degree of specificity.").

Nonetheless, "the Court has an independent obligation to review fee motions ... to independently determine whether the hourly rates sought are reasonable [and that] the number of attorney hours sought are reasonable." *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

While strict compliance with the Local Rules is emphatically preferred and strongly encouraged, with the Court's independent duty in mind, I will analyze Plaintiff's request for

attorney's fees and costs in turn despite Defendants' glaring non-compliance with the rules and their obligations.

## I.    Attorney's Fees

In the American legal system, litigants generally are not entitled to an award of attorney's fees for prevailing in litigation absent a contractual or statutory provision authorizing a fee award. *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). The FLSA, however, expressly provides for attorney's fees and costs to the prevailing party. 29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019) (explaining that prevailing FLSA plaintiffs are "automatically entitled" to attorney's fees).

In the FLSA context, a "prevailing party" is one who obtains either: (i) a judgment on the merits, or (ii) "a settlement agreement 'enforced through a consent decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603-04 (2001)). Having obtained a final judgment and award in his favor, Plaintiff is indisputably a prevailing party here, and as such, is entitled to an award of reasonable attorney's fees.

The framework for determining the reasonableness of an award of attorney's fees is set out in *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The analysis begins with a determination of the "lodestar," which is the number of hours reasonably expended in a litigation multiplied by a reasonable hourly rate.

*See, e.g.*, *Norman,* 836 F.2d at 1299; *Hensley*, 461 U.S. at 433.  The burden rests on the fee applicant to demonstrate the reasonableness of the fee request by submitting evidence on the number of hours expended and the hourly rate claimed.  *Norman,* 836 F.2d at 1303.  Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Id.*

"The product of reasonable hours times a reasonable rate does not end the inquiry.  There remain other considerations that may lead the district court to adjust the fee upward or downward, including the most important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 436-37.  If the plaintiff's victory was limited, the lodestar should be appropriately reduced to reflect that award. *Norman*, 836 F.2d at 1302; *Popham v. City of Kennesaw*, 820 F.2d 1570, 1579-80 (11th Cir. 1987).[4]

### A.  Calculating the Lodestar

#### 1.  Reasonable Hourly Rates

A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  The relevant market is "the place where the case is filed," *Barnes*, 168 F.3d at 437, which in this case is South Florida.  The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community.  *Norman*, 836 F.2d at 1299.

---

[4]  Notably, the analysis on this issue can be complex, as a fee award should not simply be proportionate to the results obtained by the Plaintiff.  *Andrews v. U.S.*, 122 F.3d 1367, 1376 (11th Cir. 1997) (acknowledging that, in civil rights cases, the U.S. Supreme Court has "reject[ed] the proposition that fee awards ... should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers").  In the context of FLSA cases such as this one, "it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) (citation omitted). Notwithstanding, "it is entirely proper for the court to take into account the results achieved in setting the [fee] award." *Walker v. Iron Sushi LLC*, 752 Fed. Appx. 910, 916 (11th Cir. 2018).

Plaintiff seeks $244,662.53 in attorney's fees for 741.69 hours worked. DE 213. Specifically, Plaintiff seeks fees for the following four attorneys, three law clerks, and a legal assistant as follows:

1.      Attorney Jordan Richards for 395.96 hours (inclusive of 3.5 hours of additional time incurred in preparing and filing the reply in support of Plaintiff's motion for fees) at $375 per hour for a total of $148,485.00;

1.      Attorney Michael Miller, for 39.62 hours at $375 per hour for a total $14,857.50;

2.      Attorney Jake Blumstein for 201.92 hours at $250 per hour for a total of $50,480.00;

3.      Attorney Melissa Scott for 7.68 hours at $250 per hour for a total of $1,920.00;

4.      Law Clerk Jake Vigil for 33.06 hours at $150 per hour for a total of $4,959.00;

5.      Law Clerk Ahava Livingstone for 29.28 hours at $150 per hour for a total of $4,392.00;

6.      Law Clerk Sarah Schaefer for 32 hours at $150 per hour for a total $4,800.00; and

7.      Legal Assistant Patricia Simo for 2.17 hours at $125 per hour for a total of $271.25.

The request is supported by an invoice detailing each time entry entered in this matter. DE 213-1 at 24-107. Plaintiff has also provided a comprehensive sworn declaration by lead attorney Jordan Richards, in which Mr. Richards summarizes the work performed in this case and the background and qualifications for him and each of his law firm colleagues in this case. DE 213-1 at 1-23.

Attorney Jordan Richards seeks $375 per hour. *Id.* ¶ 31. Mr. Richards is Plaintiff's lead counsel as well as the owner/managing member of Ft. Lauderdale-based USA Employment Lawyers—Jordan Richards PLLC. *Id.* ¶ 2. His firm predominantly handles class and collective action cases nationwide involving unpaid wages. *Id.* ¶ 7. Mr. Richards has been practicing law

8

for 10 years and has appeared as counsel in over 300 federal lawsuits throughout the country.  *Id.* ¶ 7-10.

Attorney Michael Miller likewise seeks $375 per hour.  *Id.* ¶ 32.  Mr. Miller has practiced law for over 15 years, is an experienced complex commercial litigator, and is a senior attorney at USA Employment Lawyers.  *Id.*

Attorney Jake Blumstein seeks $250 per hour.  *Id.* ¶ 33.  Mr. Blumstein has practiced law for 5 years and worked at USA Employment Lawyers first as a law clerk and then as an attorney.  *Id.*  In this case, Mr. Blumstein assisted with discovery, pre-trial, summary judgment and trial stages of the case as a second and third-year attorney.  *Id.*

Law Clerks Sarah Schaefer, Ahava Livingstone, and Jake Vigil seek $150 per hour each.  *Id.* ¶ 35-38.  Ms. Schaefer now works as an associate attorney at USA Employment Lawyers; she worked on this case as a law clerk and associate attorney prior to being sworn into the Florida Bar.  *Id.* ¶ 36.  Ms. Livingstone, a third-year law student, has worked at USA Employment Lawyers since January 2022 with previous experience as a paralegal.  *Id.* ¶ 37.  Mr. Vigil worked for USA Employment Lawyers exclusively as a law clerk from the summer of 2020 to December 2021.  *Id.* ¶ 38.

Legal Assistant Patricia Simo has worked for USA Employment Lawyers since January 2023 and seeks $125 per hour.  *Id.* ¶ 39.

As previously noted, Defendants have not objected to the rates requested or provided affidavits giving their own counsel's hourly rates as required by Local Rule 7.3.

I have carefully reviewed the qualifications of Plaintiff's counsel and have exercised my own independent judgment concerning appropriate hourly rates.  A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper

fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1303.   Based on my experience with FLSA cases and a review of relevant authority in this District reflecting that attorneys of similar experience are generally awarded between $300 to $400 per hour in similar cases, I find the rates sought by Plaintiff's legal team to be reasonable.   *See, e.g., Castro, et. al. v. Medicare Direct LLC,* No. 23-80134-Civ-Maynard at DE 103 (S.D. Fla. Sept. 12, 2023) (approving Plaintiff's counsel, Mr. Richards, at $395 per hour); *Conrey v. Bagel Way Kosher Way*, Case No. 18-22795-Civ-Gayles (approving Mr. Richards at $400 per hour); *Pena v. DSM Logistics Corp V*, 2021 WL 3115915, at *3 (S.D. Fla. June 29, 2021) (finding $375 per hour reasonable because "although counsel has substantial legal experience, the skills needed ... fall within the usual realm of a labor law practice and do not warrant a higher hourly rate"); *Tissone v. Osco Food Services, LLC*, 2021 WL 1529915, at *5 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (finding $350 per hour reasonable for an FLSA practitioner and $250 per hour reasonable for his associate "based on their experience, qualifications, and the prevailing market rates in South Florida"); *Nobles v. Electroduct, Inc.*, 2020 WL 7211695, at *2 (S.D. Fla. Oct. 13, 2020), *report and recommendation adopted sub nom. Nobles v. Electriduct, Inc.*, 2020 WL 7187771 (S.D. Fla. Dec. 7, 2020) (finding $150 per hour for law clerks to be within the range charged in this District "by legal professionals of reasonably comparable skills, experience and reputation and should be awarded"); *Wu v. Sagrista*, 2021 WL 4459457, at *2 (S.D. Fla. Sept. 29, 2021) (finding $125 per hour reasonable for a legal assistant's work on a case).

I thus recommend that the hourly rates sought for each member of Plaintiff's legal team be found reasonable and consistent with prevailing market rates.

## 2.  Reasonable Hours Expended

As part of the second step in the lodestar analysis, I next consider the reasonableness of the number of hours spent by Plaintiff's legal team in this case.  Generally, attorneys must use "billing judgment" when requesting attorney's fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley*, 461 U.S. at 434; *Barnes*, 168 F.3d at 427; *Norman,* 836 F.2d at 1301.  The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must supply specific and detailed evidence from which the Court can determine the reasonable hourly rate*.  Barnes*, 168 F.3d at 427, 435.  Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Id.* at 428.  As with reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303. "When a district court finds the number of hours claimed is unreasonably high, the court may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  "The Court necessarily has the discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436-37; *see also Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (approving across-the-board percentage cut to either the total number of hours claimed or to the lodestar amount).  Opposing parties also have obligations; for a party to successfully oppose a fee application, the objections to the fees and rates must be "be specific and 'reasonably precise.'" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1303).

Plaintiff's Motion asserts that that the hours expended in this case are reasonable given the lengthy duration of this case, which included two jury trials, as well as Defendants' repeated

refusal to settle and insistence on going to trial twice over a relatively small wages claim, which naturally led to increased litigation costs.

Plaintiff's counsel claims to have expended a total of 741.69 hours for legal work performed in this case, broken down as follows:

1.  395.96 hours by attorney Jordan Richards (inclusive of 3.5 hours of additional time incurred in preparing and filing the reply in support of Plaintiff's motion for fees);

2.  39.62 hours by attorney Michael Miller;

3.  201.92 hours by attorney Jake Blumstein;

4.  7.68 hours by attorney Melissa Scott;

5.  33.06 hours by law clerk Jake Vigil;

6.  29.28 hours by law clerk Ahava Livingstone;

7.  32 hours by law clerk Sarah Schaefer; and

8.  2.17 hours by legal assistant Patricia Simo.

Defendants have not specifically objected to the above claimed hours. I nonetheless reviewed Plaintiff's billing entries to determine if the amounts sought are reasonable. Based upon my review of the records, I find that the hours expended are generally reasonable with three notable exceptions.

First, there are instances of hours logged by two attorneys appearing at the same event, without explanation of the unique contribution made by each attorney. "Redundant hours generally occur when more than one attorney represents a client." *Norman*, 836 F.2d at 1301-02. While "[t]here is nothing inherently unreasonable about a client having multiple attorneys," compensation for all attorneys present is only appropriate "if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* When more than one attorney is involved, the fee applicant must show that the time requested reflects

the distinct contribution of each attorney, as well as the customary practice of multiple lawyer litigation. *Barnes*, 168 F.3d at 432. Here, Attorney Richards and Blumstein both billed for attending the same event on multiple occasions, but they fail to specify their distinct contributions or establish that two attorneys are customarily needed. By way of example, in February 2023, Attorneys Richards and Blumstein both attended all four days of the trial, billing a grand total of $21,875 for both attorneys to appear for all four days. *See* DE 213-1 at 35-36 (charging $13,500 for Attorney Richard to attend all four days plus $8,375 for Attorney Blumstein to attend all four days). These same attorneys also both attended pretrial conferences and/or motion hearings on February 8, 2023, January 31, 2023, and October 21, 2022, with travel to and from the Fort Pierce courthouse alone on each of these occasions costing $1,000 or more per attorney. *Id.* at 42, 49, 58. Attorney Miller accompanied Attorney Richards for the second trial in September 2023. While Attorney Miller's description of his role at trial is marginally more detailed than Attorney Blumstein's, Plaintiff has not demonstrated to my satisfaction why two attorneys were needed at trials and hearings for a relatively simple FLSA case where less than $8,000 and attorney's fees were at stake. Under these circumstances, it was unreasonable for Plaintiff to bring two attorneys to pretrial hearings and both trials.

Second, I found time entries consisting of clerical work billed out at partner attorney rates. Attorney Jordan, who has ten years legal experience and bills at $375 per hour, charged time for tasks that could have been performed by a law clerk or legal assistant, or at the very least, a less senior attorney. *See, e.g.*, DE 213-1, 05/05/2021 (0.09 hours spent filing lawsuit); 6/01/2021 (0.09 hours spent filing affidavit of service as to Corporate Defendant); 06/01/2021 (0.09 hours spent filing affidavit of service as to Individual Defendant); 07/08/2021 (0.17 hours spent filing joint status report and sending word version of proposed scheduling order to Judge Cannon); 07/28/2021

13

(0.09 hours spent filing DE 19, joint notice of mediator selection and hearing); 07/28/2021 (0.09 hours spent filing joint motion to conduct mediation via Zoom); 08/04/2021 (0.25 hours spent filing motion for leave to file amended complaint and sending Judge Cannon proposed order granting same); 10/28/2021 (0.09 hours spent filing joint discovery status report); 1/18/2022 (0.09 hours spent filing DE 64, Plaintiff's reply to response to Plaintiff's motion for summary judgment); 01/18/2021 (0.09 hours spent filing DE 65, Plaintiff's motion to strike DE 63-1); 01/24/2022 (0.09 hours spent filing amended reply in support of motion for partial summary judgment); 03/03/2022 (0.09 hours spent filing Plaintiff's motion in limine); 03/03/2022 (0.09 hours spent filing all pre-trial documents, including joint pre-trial stipulation, joint exhibit list, witness list, jury instructions, joint trial plan); 03/03/2022 (0.09 hours spent filing Plaintiff's deposition designations); and 3/23/2022 (0.09 hours spent filing reply in support of motion *in limine*); 11/21/2022 (0.09 hours spent filing Plaintiff's motion for Clerk's entry of default against Defendants). Tasks such as filing pleadings or forwarding materials are not reasonably billed to a client at $375 per hour. *See Holmes v. Collier Cty. Bd. of Comm'rs*, 2011 WL 4048962, at *5 (M.D. Fla. Sept. 13, 2011), *report and recommendation adopted*, 2012 WL 718809 (M.D. Fla. Mar. 6, 2012) (deducting attorney hours as clerical that were spent on tasks such as formatting motions and responses, and filing documents with the court).

Third, a review of the records reveals instances of excessive billing. The most recent clear example is the time expended to brief the instant Motion.   A party may "recover the cost of establishing their right to, and the amount of attorney's fees—the right to fees-on-fees." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010); *Johnson v. S. Florida Paving Group, LLC*, 2020 WL 5113592, at *1 (S.D. Fla. Aug. 31, 2020) ("'Fees on fees' are recoverable in FLSA cases.") (citing *Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CIV, 2017 WL 5957664,

at *9 (S.D. Fla. Nov. 30, 2017)).  Even so, billing judgment must be exercised.  According to the time records, lead attorney Jordan Richards spent 11.75 hours drafting the instant Motion and supporting 20-page declaration at a rate of $375 per hour for a total of $4,406.25.  DE 213-1 at 25-26; DE 213-1 at 22.  Before the drafting began, law clerk Ahava Livingstone expended 3.13 hours researching the relevant case law governing fees and costs at a rate of $150 per hour for a total of $469.50.  *Id.* at 27.  This overall time spent is on the higher side of what I would expect a law firm to charge for post-judgment fees litigation.  Then, rather surprisingly, following Defendants' two-page response, attorney Jordan Richards spent 3.5 hours preparing a reply at his $375 hourly billing rate for $1,312.50 in additional fees sought.  DE 215 at 5, DE 215-2 at 1.  Billing a grand total of $6,188.25 on a single motion seeking to recover fees, which is more than what Plaintiff recovered in this lawsuit, is plainly excessive.  There are similar signs of excessive billing in connection with other motions, such as Plaintiff's briefing in connection with the motion for liquidated damages—over 7 hours spent on a fairly routine issue in FLSA cases—with the majority of those hours being billed by Jordan Richards at $375 per hour, inclusive of .09 hours spent "fil[ing] reply in support of motion for liquidated damages"—a purely clerical task.  DE 213-1 at 25-27.

Where, as here, "a court determines that the number of hours is unreasonably high, there are two recognized methods available to the court to reduce the amount of attorneys' fees: 'it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.'"  *Grasso v. Grasso*, 2016 WL 8716273, at *4 (M.D. Fla. Oct. 21, 2016) (quoting *Bivins*, 548 F.3d 1348, 1350 (11th Cir. 2008)).  Particularly where the invoices supporting a fee application are voluminous, courts have the discretion to employ a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions.  *See Loranger v. Stierheim*, 10 F.3d

776, 783 (11th Cir. 1994) ("Where fee documentation is voluminous ... an hour-by-hour review is simply impractical and a waste of judicial resources.").

Based on my finding of redundant hours, excessive billing, and time billing for clerical tasks, I find that a 30% across-the-board reduction of the hours is justified.  Applying a 30% reduction for each timekeeper results in the following calculations of reasonable hours expended in this case:

1.   277.17 hours by attorney Jordan Richards

2.   27.73 hours by attorney Michael Miller

3.   141.34 hours by attorney Jake Blumstein

4.   5.38 hours by attorney Melissa Scott

5.   23.14 hours by law clerk Jake Vigil

6.   20.5 hours by law clerk Ahava Livingstone

7.   22.4 hours by law clerk Sarah Schaefer

8.   1.52 hours by legal assistant Patricia Simo

**B.  Lodestar Amount**

The number of hours reasonably expended per timekeeper multiplied by the reasonable hourly rate per timekeeper results in a total lodestar amount of **$161,113.50** calculated as follows:

| Timekeeper | Hourly Rate | Hours Awarded | Fees Awarded |
|---|---|---|---|
| Jordan Richards | $375 | 277.17 | $103,938.75 |
| Michael Miller | $375 | 27.73 | $10,398.75 |
| Jake Blumstein | $250 | 141.34 | $35,335.00 |
| Melissa Scott | $250 | 5.38 | $1,345.00 |
| Jake Vigil | $150 | 23.14 | $3,471.00 |

| Ahava Livingstone | $150 | 20.5 | $3,075.00 |
|---|---|---|---|
| Sarah Schaefer | $150 | 22.4 | $3,360.00 |
| Patricia Simo | $125 | 1.52 | $190.00 |
| **TOTAL FEES AWARDED:** | | | **$161,113.50** |

### C. Lodestar Adjustment

Having calculated the lodestar, I must now consider "the necessity of an adjustment[.]" *Norman*, 836 F.2d at 1302. On a downward adjustment, if a party achieved limited success, "the lodestar must be reduced to an amount that is not excessive." *Id.* On an upward adjustment, there is a "strong" presumption the lodestar suffices, and an upward adjustment may not be made based on any factor subsumed in the lodestar. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

Defendants' argument that Plaintiff's fee request should be denied or significantly reduced because the "fees sought are grossly inconsistent with the amount in controversy" is unpersuasive. "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight," *Norman*, 836 at 1301, and Defendants' conclusory assertion is patently disharmonious with the clear rule that objections concerning hours should be "specific and 'reasonably precise[.]'" *Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301).[5] Moreover, the fact that a fee exceeds the damages awarded

---

[5] Defendants cite to only one case in their response—*Batista v. South Florida Women's Health Assoc.*, 844 Fed. Appx. 146 (11th Cir. Feb. 1, 2021). A review of this case reveals that it is entirely off point to the circumstances present here. In *Batista*, the parties reached a settlement agreement for a total of $551 encompassing unpaid wages plus liquidated damages. *Id.* at 149. Plaintiff's counsel then requested $10,675.00 in attorney's fees. Finding that the defendant had timely issued and mailed plaintiff her final paycheck; that plaintiff's counsel made no effort to contact defendant to inform them that plaintiff had not received the paycheck before filing suit; and that had he done so, he would have discovered that defendant had sent plaintiff's paycheck to her address and was willing to immediately issue a replacement check, the district court awarded a "zero" fee amount on the basis that the case was a "prototypical nuisance suit." *Id.* at 150-51 (internal quotation marks omitted). The Eleventh Circuit reversed and remanded, finding that the record contained insufficient evidence to support the facts underlying the district court's reasoning.

does not necessarily make the fee unreasonable. *See P&k Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 851 (11th Cir. 2019) (rejecting the argument that fees of $118,894.20 were unreasonable for a $6,308 jury verdict in a FLSA case and observing that fee awards are mandatory in FLSA cases and often exceed damages); *see also Tyler v. Westway Auto. Serv. Ctr., Inc.*, 133 Fed. Appx. 604, 2005 WL 1208573, *9 (S.D. Fla. 2005) (observing that given the nature of FLSA claims, "it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case").

No adjustment is warranted here. Plaintiff sought a recovery of $3,240 on the overtime claim and the jury awarded him $2,700 in overtime wages and $15.14 in federal minimum wages. DE 213 at 8; DE 202. Then, as a result of the post-verdict grant of liquidated damages, Plaintiff ultimately recovered a total of $5,430.28. DE 211; DE 212. Because Plaintiff achieved substantial success on his claims, a downward adjustment in addition to the adjustment already made in calculating the lodestar is unwarranted, particularly here where Defendants have not even bothered to raise any specific objections to either the rates or the hours expended and where Defendants' litigation strategy added to the time Plaintiff's counsel had to spend on the case. Moreover, because the lodestar already considers all pertinent factors, an upward adjustment is unwarranted. Because the adjusted reasonably expended hours and the hourly rates are reasonable, that the lodestar is significantly greater than the damages awarded does not render the lodestar excessive. *See P&k Rest. Enter.*, 758 F. App'x at 851.

## II.    Costs

Plaintiff seeks an award of $14,506.28 in various costs as set forth in a list of 21 different line items for court filing fees, service of process, "investigations," printing costs, deposition and

---

Defendants offer no meaningful analysis of *Batista* or attempt to explain why the case is relevant here. I find that it is not.

trial transcript costs, a binder, trial materials, copies, and more.  DE 213 at 20; DE 213-1 at 23.

Plaintiff attaches a Bill of Costs to the Motion, but it is not apparently clear which of the 21 line

items on Plaintiff's list have been included within each of the broader category of costs authorized

by statute.  DE 213-2 at 1-2.  Plaintiff also attached some supporting records of payments,

invoices, and receipts.  DE 213-2 at 3-23.

　　　　"The Supreme Court has held that in awarding costs, courts may not exceed those costs

available in 28 U.S.C. § 1920 absent explicit contrary authorization in an applicable substantive

statute. Courts in the Eleventh Circuit read this to require that cost awards under the FLSA be

limited to the costs enumerated in § 1920." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645,

648 (S.D. Fla. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Accordingly, I will assess Plaintiff's request for costs under Federal Rule of Civil Procedure

54(d)(1) and 28 U.S.C. § 1920.

　　　　Rule 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees.

There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which

the challenging party has the burden to overcome.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th

Cir. 2007).  Pursuant to 28 U.S.C. § 1920, a district court may tax as costs:

(1)　　　Fees of the clerk and marshal;
(2)　　　Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3)　　　Fees and disbursements for printing and witnesses;
(4)　　　Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)　　　Docket fees under § 1923 of this title;
(6)　　　Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.  The court has limited discretion in awarding costs and may only tax those items

specified in § 1920, unless authorized by statute. *Crawford Fitting*, 482 U.S. at 445.

Here, as the prevailing party, Plaintiff is presumptively entitled to an award of costs. Defendants have not raised any objections to Plaintiff's request for costs and I have reviewed Plaintiff's Bill of Costs and supporting documentation.  However, upon review of Plaintiff's cost documentation, I find Plaintiff's itemization deficient as to certain line items such as payments relating to "investigations" and certain other out-of-pocket expenses.  Plaintiff intimates that the costs associated with these items were necessarily incurred in this case and attaches to the Motion a payment spreadsheet that generically delineates various bulk copy charges (together with FedEx receipts) without offering clear detail as to the purpose of the documents printed and copied, why the items were necessary for use in the case, or the per page or per item (tab and binder) rates used in calculating the charges.  Absent a specific showing of the purpose or use of all items obtained and the nature of the documents copied, I am unable to determine which items were necessarily obtained for use in this case.  Having reviewed the documentation, I find that Plaintiff has adequately demonstrated entitlement to the following recoverable cost amounts.

First, I recommend that Plaintiff be permitted to recover **$402** for the filing fee paid upon commencing this action. The receipt for the filing fee is evidenced on the docket. DE 1.  Plaintiff is entitled to the full amount of the filing fee.  *See* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020).

Second, I recommend that Plaintiff's request for $655 in fees associated with service of process be denied, in part, for failure to provide adequate documentation to support the claimed cost, which exceeds the maximum allowed amount. Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and

collected under subsection 1921(a).  "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65 per hour rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114.  *See Brannon v. Finkelstein*, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).  Here, Plaintiff claims to have spent $170 for serving the summons on both Defendants plus $485 for "investigation into defendants evading service by leaving for Las Vegas, this includes payment for process server having to constantly scout the property to determine when defendants returned home." DE 213-2 at 1, 7, 17-19.  Further explanation or support for the extra claimed amounts is lacking.  An accompanying invoice indicates a charge of $170 for "State Wide Rush Summons" and an additional $315 for "Wait Time."  DE 213-2 at 18.  Nonetheless, the docket reveals that both Defendants were served on May 22, 2021, less than a month after this case was first filed and with no record activity showing difficulty with service of process.  DE 6; DE 7.  I thus recommend that Plaintiff be permitted to recover **$130** for service of process on Defendants at the rate charged by the U.S. Marshal.

Third, I recommend that Plaintiff be permitted to recover **$7,838.89** in fees for deposition and trial transcripts.   To recover costs paid for trial transcripts, the requesting party must show that the transcripts were reasonably necessary for use in the action.  *See Arceneaux v. Merrill Lynch, Pierce, Fenner & Smith*, 595 F. Supp. 171, 172 (M.D. Fla. 1984).  To recover costs paid for deposition transcripts, the party must show that they were reasonably necessary and not simply "incurred for convenience, to aid in thorough preparation, or for purposes of investigation only." *W&O, Inc.*, 213 F.3d at 620–23 ("It is not necessary to use a deposition at trial for it to be taxable.... We find more persuasive the view of the courts that do not bar taxation of costs for depositions of

parties but, instead, look to whether the depositions were reasonably necessary.").  Additionally, many courts have ruled that court reporter appearance fees are properly taxable as costs. *See, e.g., Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (collecting cases).

Nine depositions were taken in this case and Plaintiff clearly reasonably believed that the transcribed depositions of Plaintiff, Defendant Joe Scozzari, fact witness James Kaiser, and corporate representative Julie Scozzari were necessary.  Plaintiff likewise was reasonable to believe that the transcript of the first jury trial was necessary.  Defendant has not specifically objected to Plaintiff's request to recover transcript fees and Plaintiff has adequately supported his request for these fees with a supporting chart and invoices.  DE 213-2 at 3-13, 20.

Fourth, I recommend that Plaintiff's request for $5,403.90 for printing fees be partially granted.  Section 1920 entitles the prevailing party to recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  The prevailing party cannot make unsubstantiated claims that copies of the documents were necessary. *Alexsam, Inc. v. WildCard Sys., Inc.*, 2019 WL 2245420, at *6 (S.D. Fla. Feb. 13, 2019), *report and recommendation adopted*, 2019 WL 1010241 (S.D. Fla. Mar. 4, 2019) (citation omitted); *Arnold v. Heritage Enters. of St. Lucie, LLC*, 2017 WL 8794776, at *3 (S.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018) (adopting reduction in amount claimed for exemplification and copies or failing to demonstrate that copies were necessary). Rather, the party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009).

Here, my review of the records show that Plaintiff is entitled to recover the following costs: $236.76 for copies of newly redacted documents from defense, $2,227.53 for copying of sets of trial exhibits, and $235.46 for copying Defendant's documents to be used for deposition of Joseph Scozzari.  DE 213-2 at 3-7.  I am persuaded that Plaintiff has demonstrated that these copying costs were sufficiently necessary and were not merely for counsel's convenience.  As such, I recommend that Plaintiff be permitted to recover **$2,699.75** in printing and copying costs.

Lastly, I recommend that Plaintiff's request for all other remaining costs be denied as inadequately supported or explained.  Thus, the total allowable costs should be **$11,070.64.**

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, I respectfully **RECOMMEND** that Plaintiff's Motion for Attorney's Fees and Costs, DE 213, be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be awarded his reasonable attorney's fees in the presumptively reasonable lodestar amount of **$161,113.50** and costs in the amount of **$11,070.64** to be taxed against Defendants.[6]

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[6] This total amount of recommended attorney's fees and costs represents a total recovery of approximately 70% of the fees and costs requested in Plaintiff's Motion ($172,184.14 divided by $244,662.53 equals .70 or 70%).  In the Motion, Plaintiff's counsel represented that prior to filing the Motion, Plaintiff's counsel voluntarily "offered to reduce the total amount of attorney's fees and costs sought to $200,000.00 – a nearly 20% reduction of the total amount of time that was actually incurred by the Law Firm in prosecuting these claims."  DE 213 at 2, 17.

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 3rd day of May, 2024.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE